**IN THE SUPERIOR COURT OF GUAM**

STANLEY YANFAG et al.,

                Plaintiffs,

          vs.

CYFRED, LTD. et al.,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Criminal Case No. CV1466-06**

**DECISION AND ORDER: Defendant's Motion to Withdraw as Counsel for Flowco Sales and Service (Pacific Islands) Inc.**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 18, 2013, for a hearing on the Defendant's Motion to Withdraw as Counsel for Flowco Sales and Service (Pacific Islands) Inc. ("Flowco"). Wayson W.S. Wong, Esq. represented the Plaintiffs Stanley Yanfag, et al. ("Plaintiffs). Curtis C. Van de veld, Esq. argued the Motion to Withdraw as Counsel and Defendant Flowco, represented by Mr. Joel Tribaudini, opposed Counsel's Motion. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order GRANTING Counsel's Motion.

## BACKGROUND

On December 4, 2006, Plaintiffs Stanley and Rosemary Yanfag ("Yanfags") and Rensper and Iasinda Alpet ("Alpets") filed a complaint against the Defendants Cyfred, Ltd. ("Cyfred"), Peter and Ina Gill ("Gills"), and Flowco. Plaintiffs alleged that Cyfred sold them individual lots of the Gill-Baza Subdivision ("Subdivision"), and as part of that sale, Cyfred promised to provide them with infrastructure, including sewer lines, for the Subdivision.

Plaintiffs further alleged that Cyfred breached its promise to provide the sewer lines, and that because of such breach Plaintiffs had been excused from making monthly payments under the note and mortgage. *See* Compl. (Dec. 4, 2006).

The Yanfags believed that Cyfred assigned its interests in the note and mortgage for their respective property to the Gills, and the Alpets believed that Cyfred assigned its interest in the note and mortgage for their respective property to Flowco. The Plaintiffs were informed that Cyfred had invalidly declared the notes and mortgages for each respective property to be in default and had planned to conduct foreclosure sales of each property related to such default. Counsel for the Yanfags and Counsel for the Alpets had written to the Defendants, through their respective attorneys, to stop the foreclosure efforts. Id.

Since the inception of the instant case, several motions and oppositions had been filed by the various parties, and in early 2012, the Plaintiffs in this case and in Civil Case No. 1448-02 and Defendant Cyfred agreed on a settlement and sought to include Defendant Flowco in that settlement. While Mr. Van de veld claimed that he was not involved in those negotiations, he was informed that the settlement documents discussed and agreed to by the parties needed to be executed and returned by Flowco no later than January 7, 2013. Mr. Van de veld further claimed that, due to Flowco's failure to submit the required documents in a timely manner, a settlement between all other parties was set to proceed on March 14, 2013 without Flowco's participation. *See* Reply and Decl. (March 12, 2013).

Mr. Van de veld was also made aware of the fact that Flowco had been seeking advice regarding the matter from Mr. Martin Deinhart and that he had decided to take part in a different settlement agreement from that of Defendant Cyfred. Because Flowco's alleged decision to

settle in a different manner would have been contrary to the interest of co-defendant Cyfred, Mr. Van de veld believes that the situation creates a conflict of interest. Id.

On January 24, 2013, Mr. Van de veld filed his Ex Parte Application to Withdraw as Counsel for Flowco Sales and Service (Pacific Islands), Inc. stipulating that continued representation of Flowco would make it impossible for Counsel to abide by Guam Rules of Professional Conduct Rule 1.4 and Rule 1.7. This Court denied the Ex Parte Application noting that Defendant had not demonstrated good cause to entertain the matter on an expedited basis. *See* Order (Jan. 24, 2013).

On February 4, 2013, Mr. Van de veld filed his Motion to Withdraw as Counsel for Flowco Sales and Service (Pacific Islands) Inc. citing the same issues initially cited in his Ex Parte Application. On February 25, 2013, Mr. Tribaudini filed his Opposition to Counsel's Motion to Withdraw, as well as a Declaration in Support of that Opposition. The Plaintiffs have not filed anything at this time.

The Court heard oral arguments on March 18, 2013 and took the matter under advisement.

## DISCUSSION

At issue before this Court is Defense Counsel's Motion to Withdraw. Rule 1.16 of the Guam Rules of Professional Conduct stipulates when counsel may withdraw from representation of a client. This rule provides as follows:

**Rule 1.16: Declining or Terminating of Representation.**

(a)  Except as stated in paragraph (c), a lawyer shall not represent a client, or, where representation has commenced, shall withdraw from the representation of a client if:

(1) The representation will result in violation of the rules of professional conduct or other law;

(2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) The lawyer is discharged.

(b)     Except as stated in paragraph (e), a lawyer may withdraw from representing a client if:

(1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) The client has used the lawyer's services to perpetrate a crime or fraud;

(4) The client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonably warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) Other good cause for withdrawal exists.

(c)     A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating representation.

(d)     Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as given reasonable notice to the client, allowing time for employment of another counsel, surrendering papers and property to which the client is entitled and refunded any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Guam R. Prof'l Conduct 1.16.

In support of his motion, Counsel argues that Defendant Flowco has failed to communicate information in a timely manner and has made decisions in this case that could potentially pose a conflict. In light of these assertions, Counsel contends that continued representation of Flowco would make it impossible for Counsel to abide by Guam Rules of Professional Conduct Rule 1.4 and Rule 1.7. The Rules cited by Defense Counsel are as follows:

**Rule 1.4: Communication.**

(a)    A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b)    A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Guam R. Prof'l Conduct 1.4.

**Rule 1.7: Conflict of Interest: Current Clients.**

(a)    Except as provided in paragraph (b), a lawyer, shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) The representation of one client will be directly adverse to another

client; or

(2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a person interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) The representation is not prohibited by law;

(3) The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) Each affected client gives informed consent, confirmed in writing.

Guam R. Prof'l Conduct 1.7.

In his Opposition, Mr. Joel Tribaudini, representing Defendant Flowco, argues that the lack of communication in this matter was a result of Counsel's failure to communicate. In his Declaration, initially filed with his Opposition to Counsel's Ex Parte Application, Mr. Tribaudini contends that his reason for not signing and returning the settlement documents in a timely manner was due to his lack of understanding of the documents, as well Counsel's failure to provide a comprehensible reply to his inquiries. *See* Opp'n Mot. (Feb. 25, 2013).

Furthermore, Mr. Tribaudini argues that Mr. Van de veld had been involved with this case since its inception several years prior, and that because of Mr. Van de veld's superior knowledge of the litigation, Mr. Tribaudini wishes to retain Mr. Van de veld as his counsel as a means of preventing any roadblocks in the potential settlement. Obtaining new representation in this case, Mr. Tribaudini stresses, would be incredibly difficult and would adversely affect his interest in finalizing a settlement. Lastly, in his most recent Opposition, Mr. Tribaudini argues

CV 1466-06: Yangfag v. Cyfred, Ltd.
Decision and Order: Defendant's Motion to Withdraw as Counsel for Flowco Sales and Service (Pacific Islands) Inc.

that the issue of a possible conflict asserted in Counsel's Motion to Withdraw had never been brought to his attention before. Id.

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *See* LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir.1998). In determining whether withdrawal of counsel would be appropriate in a case, courts evaluate various factors, such as counsel's reasons for seeking withdrawal, the harm that withdrawal might cause to the administration of justice, and the extent to which withdrawal will delay the resolution of the case. *See* Canandaigua Wine Co. v. Moldauer, 2009 WL 89141, at *1 (E.D.Cal. Jan.14, 2009).

In accordance with the factors laid out in Moldauer, this Court will examine the basis for Counsel's argument. As expressed in its motion, Counsel has made its reasons for seeking withdrawal clear. It is Counsel's position that attorney-client miscommunication, as well as a potential conflict of interest, have made it impossible for Counsel to abide by the Guam Rules of Professional Conduct, particularly Rules 1.4 and 1.7. In regard to Counsel and Defendant's conflicting accounts as to which party's inaction caused the alleged miscommunication, this Court finds it unnecessary to take a position at this time. Furthermore, in regard to Counsel's assertion of a potential conflict of interest, this Court finds that Counsel has not provided information sufficient to determine whether a conflict is actually in existence.

Defendant Flowco has expressed concern that Counsel's withdrawal would materially and adversely affect Defendant's interest in finalizing a settlement. In light of these concerns, Flowco may argue that Counsel's withdrawal would cause both harm to the administration of justice as well as undue delay in the resolution of this case in accordance with the factors set forth in Mouldauer.

Notwithstanding Defendant Flowco's assertion that Counsel's withdrawal would materially and adversely affect Defendant's interest in finalizing a settlement, and notwithstanding this Court's desire to refrain from taking a position as to which party caused the alleged miscommunication, it is this Court's opinion that Counsel's withdrawal would be in the Defendant's best interest. It is clear that the attorney-client relationship in this matter has deteriorated significantly, and that given the circumstances, retaining Counsel to continue representation in this heated matter may result in further delays due to continued attorney-client differences. It is noteworthy to mention, however, that in light of the circumstances, it may be in Flowco's best interest to seek other possible avenues in addressing its concerns relative to Counsel's representation of its case. The Court defers this matter to Defendant's discretion.

## CONCLUSION

Based on the foregoing reasons, the Court GRANTS Curtis Van de veld's Motion to Withdraw as Counsel for Flowco Sales and Service (Pacific Islands), Inc.

**SO ORDERED** this ___7___ day of JUNE, 2013.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUN 0 7 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam



CV 1466-06: Yangfag v. Cyfred, Ltd.
Decision and Order: Defendant's Motion to Withdraw as Counsel for Flowco Sales and Service (Pacific Islands) Inc.